# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUSSEL P. SWIATEK, GEORGE MUNLEY & MARVIN BARNETT, | Civil Action No. 08-6081 (AET) |
| **Plaintiffs,** | |
| v. | **MEMORANDUM OPINION** |
| BEMIS COMPANY, INC. | |
| **Defendant.** | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Motion by Plaintiffs Russel P. Swiatek, George Munley and Marvin Barnett (collectively "Plaintiffs") for Attorney's Fees and Costs. [Docket Entry No. 95].  Defendant Bemis Company, Inc. opposes the Motion. [Docket Entry No. 102]. The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to Plaintiffs' Motion.  For the reasons set forth below, Plaintiffs' Motion for Attorney's Fees and Costs shall be GRANTED IN PART.

## I.     Background and Procedural History

The lawsuit preceding this fee application arises out of alleged employment discrimination by Defendant. Plaintiffs assert that Defendant retaliated against them for exercising their rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et seq. by creating a hostile work environment and for violating the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq., by discriminating against Plaintiffs due to their age, disability and race. (*See* Motion for Attorney's Fees; Docket Entry No. 95 at 2). Additionally, Plaintiffs alleged violation of the New Jersey Conscientious Employee Protection Act, ("CEPA"), N.J.S.A. 34:19-1 et seq. (*Id*.).

On December 11, 2008, Defendant filed a Notice of Removal to remove the action from Superior Court to the District Court of the United States under Federal Question related to the FMLA claim. (*See* Notice of Removal; Docket Entry No. 1). This request was subsequently granted.

On May 5, 2010, Defendant filed for Summary Judgment on all counts. (*See* Motion for Summary Judgment; Docket Entry No. 18). Oral Argument was conducted on December 7, 2010, at which time, Plaintiffs withdrew their public policy (Count II), CEPA (Count IV), NJLAD as to Defendant Warren Maruca (Count V), as well as their *respondeat superior* (Count VI) claims against Defendant. (*See* Order; Docket Entry No. 22). Counts I (FMLA) and III (NJLAD as to age, perceived disability and race) remained viable for trial. (*Id.*).

Trial began on October 24, 2011, and ended on November 3, 2011. Only one of the Plaintiffs, George Munley, prevailed on one of his claims, a claim for perceived disability discrimination under NJLAD.  The other two Plaintiffs, Russel P. Swiatek and Marvin Barnett, were entirely unsuccessful.  (*See* Judgment; Docket Entry No 72).  Defendant moved for Judgment Notwithstanding the Verdict pursuant to Fed. R. Civ. P. 50(b), which the Court granted, thereby, dismissing Plaintiff Munley's claims and vacating a jury verdict of $90,000.00 in compensatory damages and $175,000.00 in emotional distress damages and dismissing all claims made by Plaintiffs Swiatek and Barnett.

On December 1, 2011, Plaintiffs filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit from the Judgment Notwithstanding the Verdict, the Judgment of No Cause, the Order granting Judgment as a matter of law on the hostile work environment claim, and the Order denying Plaintiffs Motions *In Limine*. (*See* Notice of Appeal; Docket Entry No. 74).

On October 17, 2013, the Third Circuit issued an Opinion and Judgment reversing and remanding the matter to the District Court finding that Plaintiff Munley's NJLAD claim had established a prima facie case. (*See* USCA Judgment; Docket Entry No. 94). Moreover, as to Plaintiff Barnett's appeal of the District Court's denial of his motion to amend the complaint, the Third Circuit found the District Court had properly denied the Rule 15(b) motion and affirmed its decision. (*Id.*).

On November 15, 2013, Plaintiffs' filed the instant Motion for Attorney's Fees and Costs. (*See* Motion for Attorney's Fees and Costs; Docket Entry No. 95). The motion was stayed pending the District Court's resolution of post-trial motions. On June 30, 2014, the Motion was reinstated and briefing subsequently completed. Plaintiffs seek to recover all fees and costs incurred in this matter plus a 50% contingency enhancement. (*Id.*). On December 30, 2013, Defendant opposed Plaintiffs' motion arguing that the Court should substantially reduce the attorneys' fees and costs sought by Plaintiff Munley. (*See* Brief in Opposition; Docket Entry No. 102).

## II.      Arguments

### A. <u>Plaintiffs' Arguments</u>

Plaintiffs seek reasonable attorney's fees and costs pursuant to the New Jersey Law Against Discrimination. (*See* Motion for Attorney's Fees; Docket Entry No. 95; citing N.J.S.A. 10:5-1 et seq.). Plaintiffs state NJLAD is a "fee-shifting" statute, an exception to the "American Rule," which a prevailing litigant does not ordinarily collect attorney's fees from the losing parties. (*Id.* at 5). Plaintiffs primarily rely on *Rendine v. Pantzer,* 141 N.J. 292, 322 (1995), the leading case on fee shifting under NJLAD.

In determining the amount of counsel fees under *Rendine*, the Court must first determine the "lodestar" fee, which is the number of hours reasonably expended, multiplied by a reasonable hourly rate.  (*Id*.) The Court must then consider whether to adjust the lodestar upward based upon factors such as, hours not reasonably expended, the success of the litigation as compared to the relief sought, and the risk of non-payment in cases which the attorney's compensation entirely or substantially is contingent on a successful outcome. (*Id* at 7.)

Plaintiffs argue the lodestar fee should be increased to reflect the success that Plaintiffs had in the preceding case, the risk of non-payment, and the public policy goal of "protecting and advancing this state's legislative intent of eradicating discrimination and retaliation in the workplace." (*Id*. at 7).

### 1.   The Reasonable Hourly Rate

Plaintiffs state the reasonable hourly rate is to be calculated according to the market rates in the relevant community." (*Id*. at 7; *citing Rendine*, 140 N.J. at 337).  Furthermore, Plaintiffs state, when considering a reasonable hourly rate, "the experience and skill of the prevailing parties' attorneys' should be assessed and their rates should be compared with the rates prevailing in the community for similar services by comparable lawyers." (*Id*.).

The Law Offices of William J. Courtney, LLC, was retained to litigate the preceding matter.  Plaintiffs' fee application includes services rendered by three attorneys, as well as two paralegals, who participated in the preparation of Plaintiffs' case over the course of the litigation. The attorneys are William J. Courtney, Esq., Brian W. DeRosa, Esq., and Richard D. DelMonaco, Esq.  The paralegals are Travis Collins and Arthur Usvyat.  Plaintiffs argue the following are reasonable hourly rates for their time spent on litigating this matter:

| William J. Courtney, Esq. (Partner) | $425.00 per hour |
|---|---|
| Brian W. DeRosa, Esq. (Associate) | $275.00 per hour |
| Richard D. DelMonaco, Esq. (Associate) | $275.00 per hour |
| Travis Collins (Paralegal) | $120.00 per hour |
| Arthur Usvyet (Paralegal) | $140.00 per hour |

In support of the above hourly rates, Plaintiffs detail the experience and skill of each person involved in the preparation and litigation of Plaintiffs' preceding matter.  Plaintiffs note William J. Courtney, Esq. (partner) has been practicing law since 1986, he has over 25 years of experience practicing law. (*Id*. at 8). Associate, Brian W. DeRosa, Esq. received his law degree from Rutgers Law School in 2007. (*Id*.). Upon graduation, Mr. DeRosa served as a law clerk. (*Id*.). Thereafter, he joined the Law Offices of William J. Courtney, LLC.  Similarly, associate Richard D. DelMonaco, Esq. received his law degree from Rutgers School of Law in 2008, upon graduation served as a law clerk, then joined the Law Offices of William J. Courtney, LLC. Paralegals Travis Collins and Arthur Usvyat graduated from the ABA accredited Paralegal Program at Raritan Valley Community College.  Thereafter, they joined the Law Offices of William J. Courtney, LLC. (*Id*. at 9).

In further support of their requested hourly rates, Plaintiffs rely on various comparable attorney fee survey reports. However, Plaintiffs do point out that they had difficulty in locating a survey specifically relating to employment or civil rights law.  Instead, Plaintiffs rely on *The United States Consumer Fee Survey Report*  of 2010-2011. (*Id*. at 9 citing Exhibit B). Plaintiffs state the report revealed that the average hourly rate for a small firm and a large firm in New Jersey was $365.00 per hour.  The report also revealed that the average hourly rate of a partner in

the New York region with 21-25 years of practice, which Plaintiffs state Mr. Courtney has practiced for 25 years, is $456.00 per hour.  (*Id*.).

Plaintiffs also relied upon a 2012 Billing Survey for the *New Jersey Lawyer*. This survey showed the median billing rate for a partner at The Gibbons firm to be $500.00 per hour and the median billing rate for an associate to be $320.00 per hour.  Similarly, the article showed the median partner billing rate at Fox Rothschild to be $500.00 per hour and the median associate rate to be $310.00 per hour.  Plaintiffs also note that the *New Jersey Lawyer* cited the labor and employment firm of Epstein Becker and Green, which has the median partner billing rate of $535.00 per hour and a median associate rate of $330.00 per hour.  (*Id*. at 10).

Additionally, Plaintiffs rely upon a recent award to the Law Offices of William J. Courtney, LLC. from the Superior Court for attorney's fees in the amount of $131,129.90. Plaintiffs argue this award was based on similar hourly rates for William J. Courtney at $425.00 an hour. (*Id*. at 10 *citing* Exhibit C).

Lastly, Plaintiffs rely upon the certification of Anthony Cincotta, Esq., whose practice is primarily in the area of employment law in the State of New Jersey. His Certification attests to the reasonableness of $425.00 per hour for the services of William J. Courtney, Esq., a partner at the Law Offices of William J. Courtney, LLC.  (*Id citing* Exhibit D).

## 2.  Hours Reasonably Expended

Plaintiffs argue that it would be "difficult, if not impossible," to divide the time spent between Plaintiffs Swiatek, Munley, and Barnett's claims. (*Id*. at 12).  Plaintiffs further assert that even if Munley, the sole prevailing Plaintiff, were the only Plaintiff in the case, all of the time Plaintiffs' counsel spent would still have had to be expended due to the relation of the claims made by all the Plaintiffs. (*Id*. at 12). Plaintiffs argue that, where unsuccessful claims are

"part and parcel" of the successful claim and not easily separated out, a fee reduction for those unsuccessful claims has been held inappropriate. (*Id*. at 12 *citing Bernardsville Bd. Of Educ.v. J.H*., 42 F.3d 149 (3d Cir. 1994). Therefore, Plaintiffs are claiming reimbursement on costs and attorneys' fees spent in preparation of all claims, whether successful or not.

Plaintiffs further argue that, although the Court is authorized to reduce the lodestar fee to reflect only partial or limited success, it should not do so in this particular case. (*Id*. at 13). Plaintiffs assert that the witnesses who testified via deposition and at trial were necessary, regardless of whether or not the non-prevailing Plaintiffs' claims had been set forth.  In essence, Plaintiffs' counsel argues that the same discovery sought by Swiatek and Barnett would have also been sought by Munley, regardless of whether Swiatek's and Barnett's claims were ever brought. (*Id*.).  Plaintiffs further state that "each claim bolstered the others to ultimately expose the pervasive and illegal discriminatory practices that were proven at trial." (*Id*.).  In furthering this argument, Plaintiffs cite to *Kluczz v. Tropicana Products Inc., et al.* 368 N.J. Super. 479 (App. Div. 2004). (Id. at 14).  The Court in *Kluczk* ruled:

> When the unsuccessful claims are related to the successful claims, either by a common core of facts or related legal theories, the court must consider the significance of the overall relief obtained to determine whether those hours devoted to the unsuccessful claims should be compensated.

Plaintiffs argue the case at hand is similar to *Kluczk* in that the proofs were linked by a common core of operative facts, overlapping evidence and the testimony of Plaintiffs Swiatek and Barnett was necessary to show the culture towards discrimination and retaliation that was ultimately proven against Defendant as to Plaintiff Munley.  (*Id*.).

Furthermore, Plaintiffs argue the Court should not reduce the fee award merely because Plaintiffs failed to prevail on each and every claim.  Rather, the Court should note that all the

proofs on all the NJLAD claims were identical and the FMLA claims were substantially related to the prevailing disability claim.  (*Id.* at 15).  Therefore, Plaintiffs' counsel would have expended the same amount of time regardless of whether or not Swiatek and/or Barnett's claims were even brought. (*Id.*). Plaintiffs do note the only claim they did not prevail upon, that was not closely related to the perceived disability claim, was Barnett's claim for race discrimination. (*Id.*).  However, Plaintiffs argue though factually different, it was based upon illegal discrimination committed by the Defendant Marucca.  Therefore, Plaintiff asserts the time expended on this claim was reasonably necessary in the underlying cause of discrimination. (*Id.*).

Lastly, Plaintiffs rely on Rule 404(b) of the Federal Rules of Evidence to allow evidence of an employer's discriminatory treatment of other members of a protected class to be used towards the issue of determining that employer's discriminatory intent. (*Id. citing* Fed. R. Evid. 404(b)).  Here, Plaintiffs assert that evidence presented by "Plaintiff Barnett as to discriminatory racial comments made by Defendant Marucca were probative of the discriminatory attitude he held towards members of other protected classes…such as in Plaintiff Munley's claims. (*Id.* at 16-17).  Therefore, such time expended on proving Defendant Marucca's discriminatory attitude towards members of protected classes should be considered when calculating Plaintiffs' attorney fees.

### 3.  Availability of Contingency Enhancement

Plaintiffs further seek a contingency enhancement of 50%.  Plaintiffs again cite to *Rendine*, which states: "the Court may also increase the fee to reflect the risk of non-payment in all cases in which the attorneys' compensation entirely or substantially is contingent upon a successful outcome." (*Id.* at 17 *citing Rendine*, 141 N.J. at 337). Here, Plaintiffs' counsel was retained on a strictly contingency fee basis.  Plaintiffs argue the risk of non-payment was

substantial.  Moreover, Plaintiffs assert that given the likelihood that Plaintiffs would not recover, the potential that they would not recover on the damages award, and the complexity and duration of the litigation, they are deserving of a maximum fee enhancement of 50%. (*Id* at 22).

### 4.  Costs

In addition to attorney's fees, Plaintiffs' request includes recovery of costs. (*Id*. at 22 *citing* N.J.S.A. 34:19-5(e)).  Plaintiffs are seeking recovery of $7,970.69, which has been itemized in Exhibit E. (*Id*. at 23).  Again, Plaintiffs contend that it would be difficult, if at all possible, to divide these expenses between Plaintiffs Swiatek, Munley, and Barnett.  (*Id*.).  Similar to the hours reasonably expended argument, Plaintiffs argue all of the costs would still have had to be expended due to the relation of the claims made by all the Plaintiffs. (*Id*.).

### 5.  Pre and Post Judgment Interest

Lastly, Plaintiffs seek pre- and post-judgment interest.  (*Id*. at 23). Plaintiffs assert that pre-judgment interest in LAD is mandated by New Jersey Court Rule 4:42-11(b), which states "…a Court shall, in tort actions…include in the judgment simple interest…from the date of the institution of the action."  (*Id*.).  Further, Plaintiffs argue the pre-judgment interest should be assessed from November 3, 2008 to August 11, 2014, the date of judgment. (Id. at 24).  Plaintiffs request a pre-judgment amount of $18,095.00, as determined by the District Court. (*See* Judgment; Docket Entry No. 124).

### B. **Defendant's Argument**

As a threshold matter, Defendant does not dispute that this matter is appropriate for the reimbursement of attorney's fees.  Defendant acknowledges that reasonable fees are awarded in cases such as this, but assert that the fees requested by Plaintiffs are excessive and unreasonable. (*See* Brief In Opposition; Docket Entry No. 102).  Defendant notes that only one of the Plaintiffs,

Munley, prevailed and only on one of his claims, a claim of disability discrimination under NJLAD. (*Id*.). Moreover, Defendant states that two of the Plaintiffs, Swiatek and Barnett, were entirely unsuccessful, and that none of the Plaintiffs' claims prevailed against Defendant Maruca, the target of Barnett's hostile environment claim. (*Id*.).  Therefore, Defendant argues that the Court should substantially reduce the attorneys' fees and costs sought by Plaintiffs. (*Id*.).

### 1.   Hourly Rates Are not Reasonable

Defendant argues that Plaintiffs' requested hourly rates are not reasonable rates for attorneys with comparable experience in the District of New Jersey. (*Id*. at 13). Defendant states that the relevant inquiry is the prevailing rate for comparable legal services in the forum of the litigation. (*Id. citing Interfaith Cmt*., 426 F.3d at 705). Furthermore, Defendant emphasizes that the Plaintiff bears the burden of producing sufficient evidence of what constitutes reasonable rates for litigating a similar matter in the particular forum.  (*Id*.).  For example, "the fee applicant's burden may be satisfied by the submission of affidavits of non-party attorneys with personal knowledge of the hourly rates customarily charged in the relevant community." (*Id citing Apple Corps. Ltd. V. Int'l Collectors Soc.,* 25 F.Supp. 2d 480, 493 (D.N.J. 1998)).

Defendant first argues that Plaintiffs have not shown that Mr. Courtney's requested hourly rate of $425 an hour is reasonable. (*Id*. at 14).  Defendant disputes the legitimacy and accuracy of the 2010 billing survey in the *United States Consumer Fee Survey Report* and the 2012 billing survey for the *New Jersey Lawyer*, which Plaintiffs rely on to support their hourly rates. (*Id*.).  Defendant notes that these surveys are: (1) unsworn and based on self-reported figures, (2) provide only a broad range of attorney's fees, without regard to the nature of work or experience/ skill of those performing it, (3) contain no information as to reasonable rates for non-

attorney personnel, and (4) compare firms that generally do not represent plaintiffs in discrimination litigation such as the one at hand. (*Id*.).

Moreover, Defendant argues, Plaintiffs' reliance on Anthony J. Cincotta, Esq.'s affidavit is insufficient.  (*Id*.)  He does not cite to any New Jersey cases where a proposed rate of $425 an hour for ADA cases has been awarded.  Defendant also states that Mr. Cincotta does not provide evidence that he has personal knowledge of the hourly rates charged in LAD cases. (*Id*. at 14-15).

Lastly, Defendant asserts Plaintiffs' reliance on the opinion of Judge Rothschild awarding Mr. Courtney $425 an hour rate in a New Jersey state action is of no relevance because it relies on the same proofs shown to be insufficient above. (*Id*.).   Furthermore, Defendant contends the approval of a particular rate in one case does not necessarily mean that the same rate should be automatically applied to the same attorneys in another matter. (*Id*. at 15 *citing Cassagne v. Law Offices of Weltman, Weinberg & Reis Co.*, LPA, No. 11-2791, 2011 U.S. Dist. LEXIS 135207 at *16 (D.N.J. Nov. 23, 2011)).

Defendant asserts that because Plaintiffs have provided no evidence to justify Mr. Courtney's hourly rate of $425 an hour, the Court should award Mr. Courtney $375 an hour. Defendant argues a $375 hourly rate would account for Plaintiffs' counsel's experience and performance in this case. (*Id*. at 15 *citing Access4All*, 2012 U.S. Dist. LEXIS 113617 at *22).

Defendant then argues both Mr. DeRosa and Mr. DelMonaco should be compensated at $225 an hour, instead of the requested $275 an hour. (*Id*. at 16).  Defendant asserts that Plaintiffs did not provide hourly rates for associate attorneys or other admissible information to justify said rate. Without such evidence, Defendant argues Plaintiffs have failed to meet their burden to substantiate the requested rate. (*Id*.).

Furthermore, Defendant asserts that both attorneys worked as law clerks after graduation, not as attorneys in private practice, and shortly thereafter worked on the case at hand.  (*Id*. at 16-17).  Therefore, Defendant believes that both Mr. DeRosa and Mr. DelMonaco do not possess the experience and skills to bill $275 an hour but rather they deserve a lower rate of $225 an hour. (*Id*.).

Lastly, Defendant asserts that both paralegals, Mr. Collins and Mr. Usvyet should be compensated at $75 an hour instead of the $120 and $140 an hour respectively requested.  Defendant argues Plaintiffs have no evidence as to why Mr. Usvyet is more experienced to command a higher rate, or why a rate of $120 an hour is appropriate for a paralegal. (*Id*.).  Defendant again cites to *Access4All*, which awarded $75 an hour for paralegal work where the "Plaintiffs did not submit any proof to justify an award of $115 per hour." (*Id*.).

## 2.  Plaintiff's Hours Reasonably Expended are Excessive

Defendant argues the award of attorneys' fees should not include time that was not properly compensable. Moreover, Defendant argues Plaintiffs have over-calculated their reasonable hours expended. Here, Defendant argues two points; (1) Plaintiffs should not be awarded fees for work that has not been described with sufficient specificity to enable the Court to determine what work was performed by the timekeeper, and (2) Plaintiffs should not be awarded fees for excessive, redundant or otherwise unnecessary work. (*Id*. at 3 and 5).

Defendant provides numerous examples of both Plaintiffs' inability to describe with specificity their expendable hours and Plaintiffs excessive, redundant and otherwise unnecessary work. (*Id*. at 3-12).  Defendant further takes issue with Mr. Courtney's vague individual billing descriptions, which repeatedly lack the specificity required in order to be compensable. (*Id*. at 3).

For example, Defendant notes Mr. Courtney seeks compensation for "teleconference with clients," "conference with clients," and "review file." (*Id*. at 4).

Similarly, with respect to Plaintiffs' excessive, redundant and otherwise unnecessary work, Defendant argues the initial disclosures that Plaintiffs claimed to have spent 6.4 hours on, were bare-bones, providing no names of witnesses, identifying only one document, and containing a generic statement as to damages. (*Id*. at 6-7). Further, Defendant points to several of the entries containing charges by two timekeepers for attending the same meeting, arguing Plaintiffs engaged in duplicative staffing/billing techniques. (Id. at 6). Therefore, as Defendant argues in more detail in their opposition papers, the award of attorneys' fees should not include time that was not properly compensable.

### 3.   Lodestar Rate Should be Reduced

Defendant argues the Court should reduce the lodestar rate by 75% in light of Plaintiffs' limited success. (*Id*. at 17).  Defendant asserts that "once the Court establishes the lodestar, it can reduce it if the fee is not reasonable in view of the result obtained." (*Id. citing Rendine*, 141 N.J. at 324).  Defendant further asserts that the extent of Plaintiffs' success is a "crucial factor" in awarding attorney's fees and that "limited success" warrants two methods of reduction. (Id. at 18 *citing Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983).

First, "the Court should totally eliminate fees for hours that were spent litigating unsuccessful claims that were distinct in all respects from claims on which the party did succeed." Id. Second, "the Court should reduce the lodestar to account for wholly unsuccessful claims even where the Plaintiff's claims were interrelated, non-frivolous, and raised in good faith…" Id. at 437.

Defendant further asserts that it is Plaintiffs' responsibility to maintain billing time records in a manner that will enable a reviewing court to identify distinct claims. (*Id*.). Defendant points to a case in which four Plaintiffs brought four separate claims against the City of Philadelphia for malicious prosecution but only one Plaintiff prevailed on one of his claims. (Id. *citing McKenna v. City of Phila*., 582 F.3d 447, 452 (3d Cir. 2009). There, Plaintiff's attorney filed a petition seeking reimbursement for attorney's fees but failed to separate work done for each Plaintiff. The Court in *McKenna* made several deductions and adjustments to the fee request for excessive, redundant, and unnecessary work, as well as, reducing the lodestar to account for unsuccessful trial claims determining the prevailing claims did not share a common core of facts with the unsuccessful claims. Id. at 456, 457. Defendant also points to other courts, which have similarly applied a wholesale reduction to the lodestar where the majority of claims were unsuccessful. *See Port Auth. Police Asian Jade Soc'y of N.Y. & N.J., Inc. v. Port Auth. Of N.Y. & N.J.,* 706 F. Supp. 2d 537, 541 (S.D.N.Y. 2010); *Andrade v. Jamestown House. Auth*., 82 F.3d 1179, 1191 (1st Cir. 1996).

Defendant argues the lodestar here, should be reduced to account for work on claims brought by Plaintiffs Swiatek and Barnett and for Plaintiff Munley's unsuccessful claims. (*Id*. at 20). Defendant compares the case at hand with *McKenna*, in that Plaintiffs' counsel represented Co-Plaintiffs who failed to prevail on all claims and whose claims did not share a common core of facts.  (*Id*.). Defendant asserts that Munley's counsel also failed to maintain records showing with sufficient specificity on which claims and for which clients he billed.  Therefore, Defendant feels a substantial reduction in attorney's fees is warranted. (*Id*.).

Defendant specifically states that a 66% reduction of the lodestar is warranted because Plaintiffs seek fees for work on Swiatek's and Barnett's failed FMLA and NJLAD claims, and

Plaintiffs' counsel made no attempt to exclude any work performed on the non-prevailing claims. (*Id.*). Defendant further argues that Swiatek's and Barnett's perceived disability claims were based on different facts and conditions. Defendant contests that the work done on these claims did not "bolster" Plaintiff Munley's perceived disability claim, especially since a jury found them to be without merit. (*Id.*). Moreover, all three Plaintiffs took FMLA leave for different conditions, at different times, and under different circumstances. The rationale for Plaintiff Munley's lay-off was different than the rationale for Swiatek's and Barnett's, therefore, Swiatek and Barnett's claims were so inconsequential and meritless, that their testimony would have been excluded from the trial had Plaintiff Munley been the only Plaintiff. (*Id.* at 21). Defendant further argues that Plaintiffs' counsel spent substantially more time on Swiatek's and Barnett's claims, as evidenced in their Brief in Opposition, thereby making a reduction to the lodestar fee appropriate, since both Plaintiffs were entirely unsuccessful.

 Furthering their argument to reduce the lodestar fee, Defendant argues that Plaintiff Munley's limited success in this litigation warrants a further reduction. Defendant states that Plaintiff Munley voluntarily dismissed all claims against Maruca and two of the claims against Bemis before trial. (*Id.* at 23). Plaintiff was only successful on one of the three claims he pursued. Defendant argues that these failures justify an additional reduction to the lodestar. (*Id.*).

 Lastly, Defendant contends that a reduction is warranted given Plaintiff's limited recovery. Plaintiff sought to recover a total of $265,719.38; $181,719.38 in back pay and $84,000.00 for the short sale of his house. After trial, Plaintiff only recovered $90,000.00 in back pay damages, roughly a third of the economic damages sought. (*Id.* at 24). For this reason, Defendant seeks to increase the amount of the lodestar reduction from 66% to 75%.

### 4.   No Contingency Enhancement of More than 5%

Defendant argues that Plaintiffs should not be awarded a contingency enhancement because Plaintiffs have failed to proffer evidence that this was a contingency case.  However, Defendant further argues, if the Court finds this matter was taken on a contingency basis, the case warrants only a minimum enhancement of 5%. (*Id*. at 25-26).  Defendant contends that Plaintiffs' counsel minimized his risk of non-payment by; (1) combining three separate litigations into one, increasing chances of success, (2) seeking a high award, mitigating risk of recovery, and (3) Defendant, a Fortune 500 company, could pay the amounts Plaintiff sought. (*Id*.).

Defendant further argues Plaintiffs' counsel failed to show this matter prevented him from representing other clients or that another attorney would not have represented Plaintiff if Mr. Courtney declined.  (*Id*.). For these reasons, Defendant contends this matter does not warrant a contingency enhancement.

### 5.   Costs

Defendant argues the costs requested by Plaintiffs are not justified because Plaintiffs did not support the application with adequate evidence. (*Id*. at 27). Defendant contests that Mr. Courtney's firm did not submit receipts for any of the costs Plaintiff Munley seeks or any documentation to support the cost of travel incurred. Defendant further states that even if Mr. Courtney provided such receipts, those costs are still not justified because Plaintiff failed to adequately document and itemize the costs. (Id. at 28).

Furthermore, Defendant argues Plaintiffs' counsel should not recover fees for deposition transcripts of Swiatek, Barnett, and Spath since they had no relevance to Plaintiff Munley's prevailing disability claim. (*Id*.).

### 6. Pre- and Post-Judgment Award

Defendant does not dispute the fact that pre-judgment interest in LAD cases is mandated by New Jersey Court Rule 4:42-11(b). (*Id*. at 29). However, Defendant does dispute the timeframe to assess such interest. Defendant requests that the Court suspend the running of the pre-judgment interest for a year, during the time which the case was pending on appeal in the Third Circuit. Defendant argues but for reasons beyond their control, the Third Circuit took no action to set a briefing schedule and continue the case. (*Id*.).

### C. Plaintiffs' Reply Arguments

Plaintiffs submit a Reply Brief in further support of their Motion for Attorney's fees and costs. (*See* Reply Brief; Docket Entry No. 123). Plaintiffs rehash their argument, relying on their arguments set forth in their Motion for Attorneys Fees. Plaintiffs also provide supplemented Exhibits, where Defendant claimed information to be insufficient and/or vague. Plaintiffs specifically seek to clarify Defendant's mischaracterization of Plaintiffs' "vague" and "duplicative" billing, as well as further evidencing the reasonable hourly rate requested.

First, Plaintiffs argue they should be compensated in accordance with their properly documented and submitted fee application. (*Id*. at 2). Plaintiffs assert that Defendant took the timesheets out of context to assert their challenges of vagueness and block billing. Further, Plaintiffs argue, had the entries challenged by Defendant been read in context with the entries prior and/or after them, the intent and meaning of the entries would be clear. (*Id*. citing Exhibit A).

Further, Plaintiffs assert that they took care in their original application to exclude from their request, truly excessive and duplicative entries. (Id. at 3). Moreover, Plaintiffs assert the Court should not set a precedent where time spent communicating with associates, staff, or

reviewing attorneys notes is deemed automatically duplicative.  For example, Defendant objects to Mr. Courtney and Mr. DeRosa both billing the same time for a telephone conference with the Court in which they both participated. However, Plaintiffs contest that Mr. DeRosa undertook the tasks addressed by the conference at Mr. Courtney's direction.  Therefore, the entries are not duplicative. (*Id*.).

Plaintiffs also address Defendant's challenge of reasonable hourly rates.  Plaintiffs further assert their fees requested in their original fee application were reasonable based on quantitative evidence of the prevailing market rates in its community. (*Id*. at 8).  Plaintiffs refute Defendant's argument that Mr. Courtney does not exclusively focus on "disability discrimination, stating that is not a requirement of the lodestar calculation. (*Id*. at 9). Rather, the Court should focus on Mr. Courtney's professional experience, background, affiliation with the Sidney Reitman Employment Inn of Court, and his inclusion in New Jersey Super Lawyer in the employment law field. (*Id*.).  Furthermore, Plaintiffs state, "the Third Circuit Court of Appeals in this very case has awarded Mr. Courtney attorney's fees at the rate of $425 per hour…" (*Id*. at 10 *citing* Exhibit D).

Plaintiffs additionally argue they should be compensated for fees and costs incurred responding to Defendant's Brief in Opposition. (*Id*. at 14-15).  Plaintiffs seek an additional $17,848.75 in attorney fees.  (*Id*. at 15 *citing* Supplemental Certification of Services with Exhibits; Docket Entry No. 123.3).  Plaintiffs argue Defendant's "detailed and voluminous objection" to Plaintiffs' fee application has resulted in Plaintiffs having to spend substantially more hours reviewing, researching, and replying to Defendant's objections. (*Id*.).

### III.     Analysis

### A.  Reasonableness of Hourly Rate

When evaluating a fee application, Federal District Courts must calculate the

"lodestar" amount by multiplying the attorney's reasonable hourly rate by the number of hours

reasonably spent.  *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 (3d. Cir.

2005)(citing *Hensley  v. Eckerhart*, 461 U.S. 424 (1983)).  To determine a reasonable hourly

rate, the Court must assess the skill and experience of the attorney and compare their rates to the

community for similar services by lawyers of reasonably comparable skill, experience and

reputation.  *Blakey v. Continental Airlines*, 2 F.Supp. 2d 598, 602 (D.N.J. 1998).  In the present

matter, the hourly rates sought by Plaintiffs' counsel are as follows:

| Attorney | Reasonable Hourly Rate | Hours Expended | Fees |
|---|---|---|---|
| William J. Courtney, Esq. | $425 per hour | 486.90 | $206,932.50 |
| Brian W. DeRosa, Esq. | $275 per hour | 139.45 | $38,348.75 |
| Richard D. DelMonaco, Esq. | $275 per hour | 86.75 | $23,856.25 |
| Travis Collins | $120 per hour | 25.75 | $3,090.00 |
| Arthur Usvyet | $140 per hour | 79.70 | $11,158.00 |
| | | | **$283,385.50** |

The party seeking attorney's fees has the burden of producing sufficient evidence of what

constitutes a reasonable market rate for the character and complexity of the legal services

rendered.  *Id*. at 603.  If an objection is lodged, the party seeking to recover fees bears the burden

to show that the fee request is reasonable.  *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984).

The fee applicant must provide appropriate documentation of the hours spent and the market

rate. *Hensley*, 461 U.S. at 433. If the documentation is inadequate, a court may reduce the award accordingly. *Id*. In support of their fee application, Plaintiffs have submitted the Certification of William J. Courtney to detail each attorney's education, specialty, and relative experience.

Additionally, the Court's own research has revealed cases where a range of hourly fee rates, comparable to the ones requested in this case, were deemed reasonable. *See e.g., Jama v. Esmor Correctional Servs., Inc.*, 577 F.3d 169, 181 (3d Cir. 2009)(noting that fees ranging from $600 for a partner to $205 for a first-year associate were reasonable); *In re: Mercedes-Benz Tele Aid Contract Litig.*, 2011 WL 4020862, at *7 (D.N.J. Sept. 9, 2011)(hourly rates up to $750 for partners and $560 for associates were reasonable); *Illinois Nat'l Ins. Co. v. Wyndham Worldwide Operations*, 2011 WL 2293334, at *2 (D.N.J. Jun. 7, 2011) (hourly rates up to $540 for partners, $360 for associates, and $162 for paralegals were reasonable); *Aerogroup Internat'l, Inc. v. Ozburn-Hessey Logistics, LLC*, 2011 WL 1599618, at *2-3 (D.N.J. Apr. 27, 2011)(hourly rates of up to $625 for partners, $340 for associates, and $160 for para-professionals are within the arena of reasonable rates.

The Court is satisfied that Plaintiffs have carried their burden in showing Mr. Courtney's, Mr. Collin's, and Mr. Usvyet's hourly rates are reasonable based on the prevailing market rate. However, the Court concurs with Defendant that Mr. DeRosa's and Mr. DelMonaco's rates are unreasonably high. Plaintiffs have not provided sufficient information to justify the rate of two associates who had recently graduated law school and completed a one-year clerkship just prior to working on this matter. The Court finds that attorneys with two or three years of experience, namely, Mr. DeRosa and Mr. DelMonaco, warrants a rate of $225 an hour. This rate is within the range of comparable second year associates.

### B.  Reasonableness of Hours Billed

The party seeking fees also has the burden to come forward with evidence establishing the number of hours worked was reasonable.  *Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997).  In the present matter, Plaintiffs have included a summary chart of the work for which they seek compensation and the hours expended in preparation of this matter. *See* Motion for Attorneys' Fees and Costs; Exhibit E; Docket Entry No. 95).  In a fee application, the opposing party must make specific objections to fees.  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).  Once the adverse party raises objections to the fee request, a district court has a great deal of discretion to adjust the fee award in light of those objections.  Id.  However, the court cannot decrease a fee award based on factors not raised by the opposing party.  Id.

While the lodestar is presumed to yield a reasonable fee, *Washington v. Pa. County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996), either party may seek an adjustment of the lodestar amount by showing an adjustment is necessary.  *Mosaid Techs., Inc. v. Samsung Elecs. Corp.*, 224 F.R.D. 595, 597 (D.N.J. 2004).  In deviating from the lodestar, courts may consider numerous factors, including, for example, the time spent and labor required for a task; the novelty and difficulty of the legal issues; the customary fee in the community; whether the fee is fixed or contingent; the nature and length of the professional relationship with the client; and previous awards in similar cases.  See *Public Interest Research Group v. Windall*, 51 F.3d 1179, 1185 fn. 8 (citing *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974)).   A district court ultimately "retains a great deal of discretion in deciding what a reasonable fee award is" (*Bell v. United Princeton Properties*, 884 F.2d 713, 721 (3d Cir. 1989)) and "in determining whether the fee request is excessive… the court will inevitably engage in a fair amount of 'judgment calling'

based upon its experience with the case and the general experience as to how much a case requires."

*Evans v. Port Auth. of NY & NJ*, 273 F.3d 346, 362 (3d Cir. 2001).

Both parties have included a detailed analysis of the billable hours requested in this fee application.  The Court agrees with Plaintiffs that it is impossible to specifically determine with certainty what work was necessary in a case that contained multiple Plaintiffs, each bringing multiple claims.  It is not that Plaintiffs' time sheets are too vague but rather, it is simply impossible in a case such as this to precisely determine what discovery sought would benefit which claim and/or Plaintiff.

The Court rejects, however, Plaintiffs' assertion that it would be reasonable for all fees to be reimbursed.  The Court cannot ignore the fact that only one Plaintiff was successful on only one claim.  It is clear that some of the time expended was spent on the pursuit of unsuccssful claims.  For example, as Defendant notes, Plaintiffs' counsel should not recover fees for deposition transcripts of Swiatek, Barnett, and Spath since they had no relevance to Plaintiff Munley's prevailing disability claim.

Moreover, had Munley been a sole Plaintiff, asserting one claim for perceived disability discrimination under NJLAD, it is unlikely that the scope of discovery would have been as broad as that conducted here.  Plaintiffs Swiatek's and Barnett's perceived disability claims were based on different facts and conditions.  Plaintiffs Munley, Swiatek and Barnett each took FMLA leave for different conditions, at different times, and under different circumstances.  Additionally, the rationale for Plaintiff Munley's lay-off was different than the rationale for the lay-off of Swiatek and Barnett.  Finally, whether the assertions of Swiatek and Barnett would have been admissible during trial to bolster Plaintiff Munley's perceived disability claim is questionable.

Finally, the Court rejects Defendant's contention that Plaintiffs billable hours were redundant given that that multiple lawyers billed the same time for the same work.  The Court finds the billing practice acceptable in a complex case such as this one.  The Court finds it more appropriate to reduce the lodestar by a percentage, rather than recalculating the billable hours on an hour by hour and/or entry by entry basis. This is not simply math.  Rather, the Court endeavors to assess what would be reasonable compensation for Plaintiffs' counsel's time and effort expended in this suit.  Having considered all arguments, the Court has determined that a 25% reduction to the lodestar for all fees except those associated with the Reply Brief is reasonable.

### IV.     Pre- And Post-Judgment Interest

In addition to fees and costs, the Court has determined that Plaintiffs are entitled to pre-judgment interest on the $95,000.00 judgment issued on August 11, 2014. (*See* Judgment; Docket Entry No. 124).  The Court recognized that this case was pending on appeal in the Third Circuit, beyond Defendant's control, but Defendant cites no authority to justify a suspension of the running of the pre-judgment interest.  Therefore, the pre-judgment interest should be assessed from November 10, 2008; the date the cause of action arose, to August 11, 2014, the date the judgment was entered. Further, Plaintiff Munley shall be awarded a pre-judgment interest of **$18,095.00** as determined by the District Court. (*See* Judgment; Docket Entry No. 124).

Moreover, Plaintiffs are entitled to post-judgment interest, which is to be assessed from August 11, 2014 to December 9, 2014; the day judgment was satisfied, at a rate of 0.25%.

### V.     Conclusion

For the foregoing reasons, Plaintiffs' Motion is GRANTED IN PART.  As set forth above, the Court shall reduce the lodestar by 25% for all fees except those associated with the

Reply Brief.  As set forth in the charts below, the Court shall require Defendant to reimburse
Plaintiffs for **$221,905.38**.

|  | Hourly Rate | Hours Expended | Fee |
|---|---|---|---|
| William J. Courtney, Esq. | $425 per hour | 486.90 | $206,932.50 |
| Brian W. DeRosa, Esq. | $225 per hour | 139.45 | $31,376.25 |
| Richard D. DelMonaco, Esq. | $225 per hour | 86.75 | $19,518.75 |
| Travis Collins | $120 per hour | 25.75 | 3,090.00 |
| Arthur Usvyet | $140 per hour | 79.70 | 11,158.00 |
|  |  |  | $272,075.50 |
|  |  |  | -25% |
| **Adjusted Total** |  |  | **$204,056.62** |

Reply Brief

|  | Hourly Rate | Hours Expended | Fee |
|---|---|---|---|
| William J. Courtney, Esq. | $325 per hour | 48.95 | $15,908.75 |
| Kristine Holland, Esq. | $200 per hour | 9.70 | $1,940.00 |
| **Total** |  |  | **$17,848.75** |

Similarly, Plaintiffs' costs shall be reduced by 25%.  Therefore, Defendant shall
reimburse Plaintiffs **$5,978.02** for the costs incurred.  Further, the Court does not find a
contingency fee enhancement necessary in this matter.  Lastly, pre- and post-judgment interest is
granted as set forth above.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**