NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUSSEL P. SWIATEK, GEORGE MUNLEY, and MARVIN BARNETT,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>BEMIS COMPANY, INC.,<br><br>　　　　　Defendant. | Civ. No. 08-6081<br><br>OPINION |

THOMPSON, U.S.D.J.

### INTRODUCTION

Pending before the Court is a motion to reject in part and adopt in part the Magistrate Judge's Report and Recommendation on Plaintiff George Munley's ("Munley") Attorneys' Fees Application (the "Motion") submitted by Defendant Bemis Company, Inc. ("Defendant") (Doc. No. 129). Munley opposes. (Doc. No. 130). The Court has decided the Motion after considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendant's Motion is granted in part and denied in part.

### BACKGROUND

The Court assumes the parties' familiarity with the underlying facts and posture of this case and summarizes here only those facts pertinent to this Opinion. The Magistrate Judge has submitted a Memorandum Opinion (Report and Recommendation) upon the request of this Court granting in part and denying in part Munley's Motion for Attorneys' Fees and Costs. (Doc. No. 126).

The fee application arises out of a multi-count complaint by three former employees—

1

Munley, Russell Swiatek, and Marvin Barnett (collectively, "Plaintiffs")—alleging various employment discrimination claims against Defendant. (Doc. No. 1, Ex. A). The claims alleged were: "Count 1: Family Medical Leave Act (29 U.S.C. § 2601, *et seq.*)"; "Count 2: Public Policy"; "Count 3: New Jersey Law Against Discrimination"; "Count 4: New Jersey Conscientious Employee Protection Act"; "Count 5: Individual Liability under LAD"; "Count 6: Respondeat Superior." (*Id.*).

Full discovery ensued under the supervision of the Magistrate Judge. When oral argument for Summary Judgment was conducted before this Court, Plaintiffs withdrew their public policy, Conscientious Employee Protection Act ("CEPA"), and respondeat superior claims against Defendant. Later, at trial, the Court dismissed a claim for hostile work environment under the New Jersey Law Against Discrimination ("NJLAD").

At the conclusion of trial, each plaintiff submitted several claims to the jury. Munley submitted three claims for violations of the federal Family Medical Leave Act ("FMLA"), age discrimination under the NJLAD, and perceived disability under the NJLAD. Swiatek also submitted three claims for the same causes of action: violations of the FMLA, age discrimination under the NJLAD, and perceived disability under the NJLAD. Barnett submitted four claims for violations of the FMLA, age discrimination under the NJLAD, perceived disability under the NJLAD, and race discrimination under the NJLAD. Thus, ten total claims were sent to the jury. Plaintiffs were unsuccessful on all but one claim, perceived disability under the NJLAD, by only one plaintiff, Munley. The award was $90,000 in lost wages and $175,000 in emotional distress damages.

The District Court granted Defendant's motion for judgment notwithstanding the verdict; however, the Third Circuit Court of Appeals reversed, and the verdict in favor of Munley was reinstated.

Munley seeks to recover all fees and costs incurred in this matter plus a 50% contingency enhancement. Defendant opposes and seeks to reduce the Magistrate Judge's lodestar reduction of 25% to a reduced determination of 75%. Munley primarily relies on *Rendine v Pantzer*, 141 NJ 292, 322 (1995), the leading case on fee shifting under the NJLAD.

The Magistrate Judge's Report and Recommendation thoroughly discusses the three Plaintiffs' attorneys and two paralegals who allegedly participated in the preparation of this case over the course of the litigation. This opinion will not review the process she followed in determining the hourly rates. This Court's focus will be on the reduction of the lodestar to reflect Plaintiffs' limited success. It is apparent that despite some disclaimers by Munley about not seeking reimbursement for uncounted additional hours spent, it is clear that he is seeking in this application reimbursement for work performed on unsuccessful claims under a theory of a common core of facts or related legal theories. Munley claims that the testimony of plaintiffs Swiatek and Barnett was necessary to show the culture of discrimination and retaliation that existed at the company.

Furthermore, Munley argues the Court should not reduce the fee award merely because the Plaintiffs failed to prevail on each and every claim. Rather, the Court should note that all the proofs on all the NJLAD claims were identical and the FMLA claims were substantially related to the prevailing disability claim. Therefore, Munley's counsel would have expended the same amount of time regardless of whether or not Swiatek and/or Barnett's claims were even brought. Munley does note that Barnett's claim for race discrimination, which he did not prevail on, was not closely related to his perceived disability claim. However, Munley argues that though this claim was factually different from his perceived disability claim, Barnett's race discrimination claim was also based upon illegal discrimination committed by Defendant's employee Warren Maruca. Therefore, Munley asserts the time expended on this claim was reasonably necessary in the

underlying cause of discrimination.

Lastly, Munley relies on Rule 404(b) of the Federal Rules of Evidence to allow evidence of an employer's discriminatory treatment of other members of a protected class to establish the issue of determining that employer's discriminatory intent.  Here, Munley asserts that evidence presented by "Plaintiff Barnett as to discriminatory racial comments made by Warren [Maruca] were probative of the discriminatory attitude he held towards members of other protected classes notably those with perceived disabilities such as in Plaintiff Munley's claim." (Doc. No. 95, Pl.'s Br., at 16–17).  Therefore, time expended on proving Defendant Maruca's discriminatory attitude towards members of protected classes should be considered when calculating Munley's attorneys' fees.

Munley has sought enhancement because of the risk of non-payment under the Plaintiffs' contingency agreement with counsel and seeks costs, claiming that they are indivisible between the three Plaintiffs.

Defendant contests the exaggerated billing rates for all of the categories of personnel for whom Munley seeks fees, from lead counsel to paralegals.  Defendant also opposed Munley's claims for "hours reasonably expended."  Defendant argues that the Court should reduce the lodestar rate by 75% in light of plaintiffs' limited success.  As explained in the Magistrate Judge's Report, Defendant seeks a reduction for unsuccessful claims of the two other plaintiffs and for Munley's unsuccessful claims.  Defendant contends reduction is also warranted for withdrawn claims.

This Court presided over the trial and had a first hand opportunity to observe counsel's performance.  This is, of course, a critical factor vis-à-vis the opinion of the Magistrate Judge. This Court had the opportunity to discern the degree to which plaintiffs' claims and witnesses were intertwined.  This Court did not find that the claims of Swiatek and Barnett interrelated with the

claims of Munley.  They were not needed to develop Munley's successful claim.  Furthermore, the withdrawal of the CEPA and Public Policy claims mattered. Nine of the ten claims submitted to the Jury were unsuccessful.  It would be unfair to shift the cost of 75% of the Plaintiffs' counsel fees to Defendant.

I agree with the Magistrate Judge that it would be impossible to dissect out at this stage (post trial) time spent only on tasks supporting Munley's successful perceived disability claim. However, it is the Court's judgment that fees for Munley's counsel should be reduced by sixty percent (60%) because of the Plaintiffs' limited success.  The same reduction applies to the court costs. No contingency fee enhancement is warranted in order to do justice here.  Counsel's performance at trial, which the Court observed, regardless of years of experience, did not warrant any enhanced fees.  Otherwise, the recommendation of the Magistrate Judge as to pre- and post-judgment interest will apply.[1]  As set forth in the charts below, the Court shall require Defendant to reimburse Munley for **$126,678.95**.

Similarly, Munley's costs shall be reduced by 60%.  Defendant shall reimburse Munley **$3,188.28** for costs incurred.

---

[1] However, the Court notes that Defendant has already paid pre-judgment interest.  (Doc. No. 125, Satisfaction J.).

|  | **Hourly Rate** | **Hours Expended** | **Fee** |
|---|---|---|---|
| William J. Courtney, Esq. | $425 per hour | 486.90 | $206,932.50 |
| Brian W. DeRosa, Esq. | $225 per hour | 139.45 | $31,376.25 |
| Richard D. DelMonaco, Esq. | $225 per hour | 86.75 | $19,518.75 |
| Travis Collins | $120 per hour | 25.75 | $3,090.00 |
| Arthur Usvyet | $120 per hour | 79.70 | $11,158.00 |
| **Subtotal** |  |  | $272,075.50 |
| *Adjustment* |  |  | -60% |
| **Adjusted Total** |  |  | **$108,830.20** |

Reply Brief

|  | **Hourly Rate** | **Hours Expended** | **Fee** |
|---|---|---|---|
| William J. Courtney, Esq. | $325 per hour | 48.95 | $15,908.75 |
| Kristine Holland, Esq. | $200 per hour | 9.70 | $1,940.00 |
| **Total** |  |  | **$17,848.75** |

## CONCLUSION

For the reasons stated herein, the Defendant's Motion is granted in part and denied in part. An appropriate order will follow.

                                          */s/ Anne E. Thompson*
                                          ANNE E. THOMPSON, U.S.D.J.